UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH WHITE**  **CIVIL ACTION**

**VERSUS**  **NO.  13-0545**

**N. BURL CAIN, ET AL.**  **SECTION "H"(4)**

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.  Factual and Procedural Background**

The petitioner, Kenneth White ("White") is a convicted prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On May 27, 2010, the Orleans Parish grand jury returned an indictment charging White with one count each of second-degree murder and obstruction of justice, both felony violations of Louisiana law, in relation to the November 7, 2009, shooting death of Antoine Alexander in New Orleans.[3] On September 1, 2011, the State amended count 1 of the indictment to manslaughter, *see* La. Rev. Stat. Ann. §§ 14:31, and White entered pleas of guilty

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]*See* La. Rev. Stat. Ann. §§ 14:30.1 (second-degree murder), 14:130.1 (obstruction of justice). *See also* Rec. Doc. No. 13, p. 2, citing St. Rec. Vol. 1 of 1, Indictment 497-187, 5/27/10; Preliminary Hearing Transcript, 497-187, 4/21/10, p. 5-11.

to amended count 1 and to count 2 as charged.[4] In exchange for his pleas, the state trial court sentenced White to concurrent terms of ten (10) years in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC") on each count. On September 1, 2011, he was sentenced to serve ten (10) years of imprisonment at hard labor on each count to run concurrently.[5]

White's convictions and sentences became final thirty (30) days later, on Monday, October 3, 2011,[6] because he did not seek reconsideration, file for rehearing or timely seek leave or review to appeal to the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)). White did not file either a direct appeal or post conviction application.[7] *See e.g.,* La. Code Crim. P. art. 914 (West 2001).[8]

## II. Federal Petition

On March 4, 2013, the Clerk of this Court filed White's petition for federal habeas corpus relief in which he alleges that the Louisiana Department of Corrections ("DOC") used his prior convictions from 1985 and 1994 ( purse snatching and simple robbery) to deny him good time under

---

[4] *See id.,* Minute Entry, 9/1/11; Guilty Plea Form; Indictment, 497-187, handwritten amendment dated 9/1/11.

[5] St. Rec. Vol. 1 of 1, Minute Entry, 09/22/11.

[6] Day thirty (30) was Saturday, October 1, 2011. The deadline then fell to Monday, October 3, 2011 *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period).

[7] In general, under Louisiana law, a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Crosby*, 338 So.2d 584, 588 (La. 1976).

[8] At the time, a criminal defendant could move for leave to appeal within five (30) days of the order or judgment being appealed or of a ruling on a timely filed motion to reconsider a sentence. La. Code Crim. P. art. 914 (amended by La. Acts 2003, No. 949, § 1 to allow 30 days). Petitioner did not move for appeal under Article 914 which rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

Act 150 of 1999 which were not crimes of violence.[9] He alleges that because La. Rev. Stat. §14:2 (B) did not exist at time of his conviction, an application of it to him violates the creation of *ex post facto* laws.[10]

In its answer and memorandum in opposition, the State, on behalf of Warden, Nathan Burl Cain ("Cain") argues that White's federal petition was not timely filed and that he has not properly exhausted state court remedies.[11] The State argues that White's attempt to seek administrative review relief regarding his *ex post facto* good time claim does not constitute state post-conviction or other collateral review within the meaning of §2244(d)(2) so as to toll the AEDPA statute of limitations, therefore it was not timely filed.

### III.  General Standards of Review Under 28 U.S.C. §2241

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[12] applies to this petition, which is deemed filed in this Court under the

---

[9]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed White's federal habeas petition on March 25, 2013, however, according to the official stamps from the Louisiana State Penitentiary, White submitted the petition to the prison officials on March 4, 2013, for forwarding to this federal court for filing. Because the form of the original petition was not proper, he resubmitted his petition on March 15, 2013. Therefore, the earliest date that the petition is deemed filed is March 4, 2013. *See* Rec. Doc. No. 1, p. 17.

[10]*See* Rec. Doc. No. 1, p. 5-6.

[11]*See* Rec. Doc. No. 13, p. 3-5.

[12]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

applicable mailbox rule on March 4, 2013.[13] In filing his *pro se* petition, White utilized the form reserved for filing petitions for habeas corpus relief under 28 U.S.C. § 2254. White's petition, however, challenges the duration of his sentence and the calculation thereof as determined by the prison officials. White does not challenge the judgment by which he is held, only the determination of his release date by prison officials.

A petition for writ of habeas corpus directed to either pretrial matters, *see Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), or which "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration," *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), is to be brought and considered under the general habeas provisions of 28 U.S.C. § 2241.  *See also*, *Frees v. Maye*, 441 F. App'x 285, 286 (5th Cir. 2011); *Stewart v. Cain*, 71 F.3d 879, 1995 WL 727244, at *1 (5th Cir. 1995) (Table, Text in Westlaw); *see also*, *Lee v. Wetzel*, 244 F.3d 370, 373 n.3 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

White's original pleading invoked the provisions of 28 U.S.C. § 2254 which provides the proper method for seeking habeas corpus relief by prisoners, like petitioner, who are in custody pursuant to the judgment of a state court. Both the statutes and jurisprudence make it abundantly clear—a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief prior to filing his habeas petition pursuant to either 28 U.S.C. § 2241 or § 2254(b). See *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982).

In this case, White is not challenging the judgment or judgments by which he is held.  He instead is without doubt challenging the length of the sentence imposed and his entitlement to good

---

[13]*See supra,* n. 9.

4

time credits. This is a matter to be addressed under the provisions of § 2241. *Pack*, 218 F.3d at 451; *Frees*, 441 F. App'x at 286.

Thus, the fact that White's *pro se* petition is captioned and filed as a § 2254 petition does not prevent the Court from properly considering the petition under standards addressed to §2241 petitions. This Court also has the jurisdictional authority to consider his petition under § 2241 since White was convicted and is housed within this district. *Pack*, 218 F.3d at 451.

## IV.   Statute of Limitations

The State argues that White's petition is untimely filed under the AEDPA's limitations provisions as applied to §2254 petitions. The Court disagrees with the State that the petition is to be considered under §2254 in light of the foregoing discussion.

As a petition attacking "the manner in which a sentence is carried out or the prison authorities' determination of its duration," Davis's petition will be addressed as a petition pursuant to § 2241. *Pack*, 218 F.3d at 451; *Frees*, 441 F. App'x at 286. The United States Supreme Court has held that "[t]he limitations imposed by § 2244(b) apply only to a 'habeas corpus application under § 2254[.]'" *Magwood v. Patterson*, 561 U.S. 320 (2010). As such, this Court need not entertain the State's limitations defense.

## V.   Exhaustion of State Required Remedies

A federal district court may *sua sponte* consider whether a state prisoner has exhausted his state court remedies before seeking federal habeas relief. *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir.1997); citing *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir.1996) (per curiam); *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir.1984) (en banc).

Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c), a federal court should abstain from the exercise of its habeas jurisdiction if the

issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. Dec. 16, 2003); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973). The exhaustion doctrine is applied to § 2241(c) as a matter of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and resolve initially any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when <u>all</u> grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In § 2241 cases, this exhaustion requirement is obviated only if "special circumstances" exist. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1975).

To properly exhaust his claim to challenge the computation of a sentence, Louisiana law requires that White's claim first be exhausted through the state's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. Ann. § 15:1171 *et seq.*, and the subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. Ann. § 15:571.15. *See Madison v. Ward*, 825 So.2d 1245 (La. App. 1st Cir. 2002). *See also* La. Rev. Stat. Ann. §15:1176 ("Before any cause of action may be heard in any state or federal court, administrative remedies must be exhausted under the procedure authorized by this Part.")

Under Louisiana's CARP procedures, an inmate must utilize the administrative procedure established by the DOC, or any facility in which he is housed, to resolve any claims related to his confinement, including "time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes." La. Rev. Stat. Ann. § 15:1171(B). Therefore, an inmate's administrative remedy procedures are only exhausted after a prisoner's claims have been presented to the Secretary of the DOC. *Id.*

Upon completion of the administrative process within the DOC, an inmate may seek judicial review by filing suit in the appropriate state district court. *See* La. Rev. Stat. Ann. § 15:1177. The provisions of La. Rev. Stat. Ann. § 15:571.15 require that venue for any such suit against the DOC challenging the computation of an inmate's ". . . sentence or sentences, discharge, [or] good time dates . . ." must first be brought in the 19th Judicial District Court in East Baton Rouge Parish. *See also State ex rel. Bartie v. State*, 501 So.2d 260, 264 (La.App. 1st Cir.1986)(La. Rev. Stat. Ann. 15:571.15 is a special venue statute which provides that venue in any action in which an individual committed to the DOC contests the computation of his sentence or sentences, discharge, parole, or good time dates shall be in the parish of East Baton Rouge).

If unsuccessful at the district court level, the inmate can seek discretionary review of the decision in the "appropriate court of appeal," which here would have been the Louisiana First Circuit Court of Appeal. *See* La. Rev. Stat. Ann. § 15:1177A(10) and 13:312 (1); *State ex rel. Bartie v. State*, 501 So.2d 260, 265 (" . . . a judgment refusing to grant release upon a petition for a writ of post-conviction habeas corpus is not appealable . . . [but is] subject to review under the supervisory jurisdiction of the court of appeal in the circuit in which the case arises. La. Const. of 1974, art. V, § 10(A)."). If unsuccessful at the Court of Appeal, Louisiana law allows for an inmate to seek

7

supervisory review in the Louisiana Supreme Court. La. Code Civ. P. art. 2201;La.Code Crim. P. art. 922. *See also* La. Code Crim. P. arts 925 and 930.3 (Louisiana law requires that an appropriate post-conviction claim must be brought in an application for post-conviction relief filed in the state district court. The petitioner may then seek supervisory review in the appellate court, La. Code Crim. P. art. 930.6, and discretionary review in the Louisiana Supreme Court, La. S. Ct. Rule X.).

Thus, in order to properly exhaust a sentence computation claim, a Louisiana prisoner must first seek review with the warden of the prison where he is incarcerated. If that proves unsuccessful, he must seek review with the Secretary of the DOC. If that process proves unsuccessful, he must file a petition for review in the 19th Judicial District Court. If that proves unsuccessful, he must seek discretionary review in the First Circuit Court of Appeals and then the Louisiana Supreme Court.

Here, White filed a motion for production of the *Boykin* transcript of his guilty plea on October 3, 2011, with the state trial court.[14] On March 26, 2012, having received no reply, White filed a Writ of Mandamus from the Louisiana Fourth Circuit Court of Appeal which was granted on June 5, 2012.[15] Two days before the the Fourth Circuit's order, the state trial court issued an order granting White's request for the guilty plea transcripts.

White filed a "first step" administrative complaint with the DOC on August 10, 2012 regarding the *ex post facto* application of the statute to crimes that were not defined as crimes of violence by law. [16] On August 28. 2012, White's complaint was denied on the basis that his prior convictions needed only have been listed as crimes of violence at the time of his conviction to satisfy

---

[14]St. Rec. Vol. 1 of 1, Motion for Production, 497-187, 10/3/11.

[15]*Id.* at 4th Cir. Writ App., 2012-K-0483, 3/26/12; 4th Cir. Order, 2012-K-0483, 6/5/12.

[16]*See* Rec. Doc. 1, p. 23-28.

§15:571.3. White appealed this decision, by filing a "second step" complaint with the DOC challenging the denial of his first complaint. On November 28, 2012, the Secretary of the DOC issued an opinion affirming the first step response, indicating that White's concerns were "adequately addressed by the first step response to PCC-2012-0301; as "a person convicted of a second crime of violence committed on or after August 27, 1994, are ineligible to earn diminution of sentence under Act 150 of the 1994 State Legislation."[17] Therefore, White's denial of good time was affirmed, in accordance with La. Rev. Stat. Ann. §15:571.3.

Although the attachments to White's petition reflect that he followed the two-step administrative procedure of the CARP process through the DOC, neither the record nor White indicate that he sought review of an action in the 19th Judicial District Court. The records also do not reflect that White sought any other review in the Louisiana Fourth Circuit or the Louisiana Supreme Court, as required by the CARP remedies.

White, therefore, did not complete the administrative review required by state law and has failed to exhaust those remedies. The record discloses no good cause for his failure to properly and fully exhaust his claim, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust). For these reasons, White's petition should be dismissed without prejudice for failure to exhaust available state administrative and judicial remedies.

## VI.   Recommendation

**IT IS RECOMMENDED** that Kenneth White's petition for issuance of a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

---

[17]*Id.* at p. 26.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[18]

New Orleans, Louisiana, this 4th day of April , 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[18]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.